Ms. Stacey Witherell, Employee Services Manager City of Little Rock Human Resources Department 500 W. Markham — Suite 130W Little Rock, AR 72201-1428
Dear Ms. Witherell:
You have requested an official Attorney General's opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records that have been requested under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that a request has been presented to the City for application documents submitted by a particular city employee to compete in the promotion process for police captain. You have provided me with a copy of a form explaining the promotion procedure, as well as copies of the requested records. They are:
• A form for designating a "past performance review rating council"
• An application form
• A "promotional process education component" form
• A copy of a diploma
You state that you have determined that the application form and the past performance review rating council form are releasable, but that the promotional process education component and attached diploma are not releasable.
I am directed by law to issue my opinion as to whether your determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that all of the requested records are releasable, with certain information redacted.
None of these records falls within any of the exemptions from disclosure that are stated in the FOIA or in other laws. See A.C.A. § 25-19-105. These records are properly classified as "personnel records." "Personnel records" are disclosable except to the extent that their disclosure would constitute a clearly unwarranted invasion of the employee's personal privacy. A.C.A. § 25-19-105(b)(12). The disclosure of these records would not, in my opinion, constitute a clearly unwarranted invasion of the employee's personal privacy (provided the items of information discussed below are properly redacted).
I note in particular that although the FOIA does expressly exempt "education records as defined in the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g," see A.C.A. § 25-19-105(b)(2), this definition of "education records" does not include records that generally reflect an individual's educational background, such as records indicating that the individual holds a particular degree, diplomas, and files indicating the training received by an individual. This office has consistently opined that such records of general educational background are releasable. See, e.g., Ops. Att'y Gen. Nos. 2003-060; 2003-055; 2002-252; 2002-090; 2002-085; 2001-101. It should be noted that transcripts and particular scores received are not releasable. See Ops. Att'y Gen. Nos. 2002-252; 2002-161; 2001-172.
The application form contains certain items of information that should be redacted before the record is released. More specifically, the form contains the applicant's social security number and home address. These items must be redacted before the record is released. See Op. Att'y Gen. No. 2003-015, citing 5 U.S.C. § 552a, note (social security numbers should not be released); A.C.A. § 25-19-105(b)(13) (prohibiting release of municipal employees' home addresses). I note that the application form also contains the applicant's home telephone number. If this telephone number is unlisted, it should also be redacted. Op. Att'y Gen. No.2003-027. If it is listed, it can be redacted if the facts are such that the individual has a heightened privacy interest in his home telephone number (e.g., if it is likely to be used to harass him or his family and its disclosure does not further the purposes of the FOIA). See Op. Att'y Gen. No. 2003-027, citing Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998) and Ops. Att'y Gen. Nos. 1999-360; 99-049; 99-016.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General